

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Connally McKay
County Attorney
Wood County
Quitman, Texas

Dear Sir:

Opinion No. 0-3435
Re: Trial Fees of Justice of the
Peace and related matter

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"In each criminal case in a justice court in this county, where the fine imposed is $1.00 and the defendant pays his fine and costs in cash, the justice turns in to the county treasurer the sum of $4.90. The $2.00 represents the trial fee, and the ninety cents represents the balance of the fine after the County attorney's commission has been paid. The County Treasurer divides such $4.90 as follows: $2.00 to Second Class or Road and Bridge Fund, and $2.90 to Third Class or General Fund.

"The County Treasurer then pays the Justice of the Peace $2.50 with a warrant on the Third Class or General Fund, which fund is deficient. Such warrants to be cashed, must be discounted 10%, or they may be held until called for payment by the County Treasurer, which waiting period is now approximately two years from date of issuance.

"PROPOSITION NO. 1: Does the Commissioners' Court have the authority to permit a Justice of the Peace who is compensated wholly on a fee basis to retain his fee of $2.50 out of monies collected when a defendant in a Criminal Case pays his fine and costs in cash?

Honorable Connally McKay, page 2

"AUTHORITIES: Art. 1052, Code of Criminal Procedure;
Art. 1617, Revised Civil Statutes;
Art. 1622, Revised Civil Statutes;
Art. 1074, Code of Criminal proce-
dure;
Art. 16, Section 61, Constitution
of Texas;
Art. 3912e, Section 17, Revised Civil
Statutes;

"ARGUMENT: Art. 3912e, Section 17, reads in part
as follows: 'In all counties in this State such pre-
cinct officers shall continue to be compensated for
their services on a fee basis until the Commissioners'
Court shall have determined otherwise in accordance
with the provisions of Section 2 of this Act.'

"In this County, the Commissioners' Court has
taken no action concerning changing Justices of the
Peace to a salary basis, so it therefore follows that
they are compensated wholly on a fee basis.

"Art. 1617, Revised Civil Statutes, provides
that, as well as other county officials, the Justice
of the Peace who shall collect or handle any money for
the use of the county shall make a full report to the
Commissioners' Court, at each regular term thereof of
all fines imposed and collected and all judgments ren-
dered and collected for the use of the county, and all
jury fees collected in their respective courts in
favor of, or for the use of the county; and at the
same time present their receipts and vouchers, show-
ing what disposition has been made of the money collect-
ed, fines imposed, and judgments rendered. And Art.
1622, R.C.S. provides that when any officer collects
money belonging to, and for the use of, any county,
he shall, except where otherwise provided in this
title, forthwith report the same to the proper county
clerk stating fully from whom collected, the amount
collected, the time when collected, and by virtue of
what authority or process collected. Such article
provides further that on making such report, such
amount shall be charged to such officer, and he may
discharge himself therefrom by producing the receipt
of the proper county treasurer therefor.

"In view of the two articles mentioned above it seems that the statutes direct the Justice of the Peace to turn into the County Treasurer all monies collected belonging to or for the use of the County.

"Art. 1052, Code of Criminal Procedure, reads in part as follows:  '.... Two Dollars and fifty Cents shall be paid by the County to the Justice of the Peace for each Criminal Action tried and finally disposed of before him.....'

"This article seems to be based on the assumption that the justice has turned into the County Treasurer all monies collected belonging to or for the use of the County, and that the County is then to reimburse him in the amount of $2.50, as provided in the above article.

"Art. 1074, Code of Criminal Procedure provides for trial fee of $4.00 as hereinbefore mentioned.

"Art. 16, Section 61, Constitution of Texas, reads in part as follows: '....All fees earned by district, county and precinct officers shall be paid into the County Treasurer where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality, or in case where a paupers oath is filed, shall be paid into the County Treasury when collected and Provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners' Court may direct....'

"Considering all the named articles, both civil and criminal, and the provision of the constitution quoted above, the logical conclusion is that the statutory provisions and the constitutional provision are in conflict.

"OPINION:  It is the opinion of the writer that the Constitutional provision is controlling, and that the Commissioners' Court is empowered to direct that any officer compensated wholly on a fee basis may retain such portion of the fees collected as he is legally entitled to receive.

"PROPOSITION NO. 2: Does the Commissioners' Court have the authority to direct the county treasurer to pay and apply monies received by such treasurer from fines imposed in Justice Court into any particular fund they see fit?

"AUTHORITIES: Art. 1709, Revised Civil Statutes; Art. 1628, Revised Civil Statutes; Art. 1629, Revised Civil Statutes;

"ARGUMENT: Art. 1628, Revised Civil Statutes sets up three funds into which the county treasurer shall place monies coming into his hands. Art. 1629, provides that the Commissioners' Court may cause other accounts to be kept, creating other classes of funds, as it may deem proper..... Art. 1709, reads as follows: 'The County treasurer shall receive all monies belonging to the county from whatever source they may be derived, and pay and apply the same as required by law, in such manner as the commissioners court of his county may require and direct.'

"OPINION: In the absence of statutory requirements as to what particular fund these monies should be placed, it is the opinion of the writer that the Commissioners' Court does have the authority to direct into which fund they shall be put.

"I respectfully ask for an opinion from your office on the above propositions."

Wood County, Texas, had a population in excess of 20,000 inhabitants according to the 1940 Federal Census, and we understand from your letter that the precinct officers are compensated on a fee basis.

Article 1052, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Three Dollars shall be paid by the county to the County Judge, or Judge of the Court at Law, and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three

Honorable Connally McKay, page 5

Dollars. Such Judge, or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Article 1074, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"In each case of conviction in a county Court, or a County Court at law, whether by a jury or by a Court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of a jury fee, and in the Justice Court the trial fee shall be the sum of Four Dollars."

Article 1628, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The funds received by the county treasurer shall be classed as follows, and shall be appropriated, respectively, to the payment of all claims registered in the first, second and third classes:

Honorable Connally McKay, page 6

"1. All jury fees, all money received from the sale of estrays, and all occupation taxes.

"2. All money received under any of the provisions of the road and bridge law, including the penalties recovered from railroads for failing to repair crossings, and all fines and forfeitures.

"3. All money received, not otherwise appropriated herein or by the commissioners court."

Opinion No. 0-3092 of this department holds that fines should be paid to the County Treasurer and placed in the Road & Bridge Fund of the county. (See Sec. 2 of Article 1628, supra.)

Articles 950 and 951, Vernon's Annotated Code of Criminal Procedure, provide certain commissions for certain officers and read as follows:

"Art. 950. The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected.

"Art. 951. The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected."

We quote from Opinion No. 0-616 of this department as follows:

"Article 1052, supra, specifically provides that the county judge, or judge of the court at law, shall be paid $3.00 by the county, for each criminal action tried and finally disposed of before him, such statute further provides that the justice of the peace shall receive $2.50 in all counties having a population in excess of 20,000 and $3.00 in all counties having a population of 20,000 or less for each criminal action tried and finally disposed of before him, such fees to be paid by the county

Honorable Connally McKay, page 7

when such claims are filed in compliance with Article 1052, C.C.P. It is immaterial whether the defendant who is convicted in such criminal action pays his fine and costs or works his fine and costs out on the county farm, public roads or other public works of the county, or satisfies such fine and costs by staying in jail a sufficient length of time to discharge his fine and costs. The judge or justice is entitled to the full fee as provided by Article 1052, supra, for each criminal action tried and finally disposed of before him."

We enclose herewith a copy of said opinion for your information.

Opinion No. 0-634 of this department holds that the commissioners' court does not have authority to take trial fees collected under Article 1074, C.C.P., and place them in a separate fund for the purpose of paying the fees due the justice under Article 1052, C.C.P. We enclose herewith a copy of said opinion for your information.

We have carefully considered the constitutional question raised by you and have reached the opinion that there is no constitutional question involved because the $4.00 trial fee in Justice Courts under Article 1074, C.C.P., supra, belongs to and is payable to the county and not to the Justice of the Peace and that therefore the Justice could not retain any portion of the fee due the county. The fee due the Justice under Article 1052, C. C.P., supra, is payable to him by the County. Prior to the amendment of Article 1052, C.C.P., Justices collected fees from defendants upon conviction; such procedure was held invalid in the case of Ex Parte Kelly, 10 S.W. (2d) 728, on the ground that the Justice had a pecuniary interest in the defendant's conviction and was disqualified under Article 5, Section 11 of our State Constitution. Hence the amendment of Article 1052, C.C.P., providing that the county should pay the trial fees of the Justices and County Judges, etc.

You are respectfully advised that it is the opinion of this department that both of your questions should be answered in the negative, and are so answered.

It is our further opinion that the fines (less legal commissions) should be placed in the Road & Bridge Fund of the county.

138

Honorable Connally McKay, page 8

It is our further opinion that trial fees collected under Article 1074, C.C.P., should be placed in the General Fund of the county and that the fees due the Justice under Article 1052, C.C.P., from the county, should be paid from the General Fund of the county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

WJF:db

APPROVED APR 30, 1941

Acting ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE